# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harry Lee Dantzler, # 94391-071, ) | C/A No. 4:05-1895-DCN-TER |
| Plaintiff, ) | |
| v. ) | |
| ) | Report and Recommendation |
| Internal Revenue Service; and ) | |
| United States of America, ) | |
| Defendants. ) | |

## *Background of this Case*

The *pro se* plaintiff is a federal inmate at the Low Security Institution at FCI-Butner. He has filed this action against the Internal Revenue Service and the United States of America seeking "redress and compensatory damages". He alleges the defendants acquired information through a search warrant, executed by the Orangeburg County Sheriff's Department. The plaintiff states the defendants were "present" at the time of the search although "they did not have jurisdiction in that they had not charged [the plaintiff] with any crime." *See* Complaint @ 3.

The plaintiff also alleges that the defendants "acquired the internal revenue documents inclusive of documents from the internal revenue without the permission of [the plaintiff] and or the authority and permission of [the plaintiff]." Id. @ 3.

## *The Petitioner's Prior Cases*

Prior to filing this action the plaintiff filed a writ of mandamus in this Court to compel the Probation Office to correct an allegedly erroneous entry in his Pre-Sentence Report in Criminal No. 1:99-28-1 and in

1

Criminal No. 2:01-0331-2. The allegedly erroneous entry indicated that the plaintiff committed statutory rape. The plaintiff claimed the Federal Bureau of Prisons would not place him in a half-way house or minimum security facility because of the reference to statutory rape in the Pre-Sentence Report.

The plaintiff has also had three prior criminal cases[1] and one prior civil case filed in this District. Two of the three criminal cases resulted in convictions.

In <u>United States v. Harry L. Dantzler</u>, Criminal No. 1:99-28-1, the petitioner was convicted, in a jury trial, of conspiracy to defraud the United States (18 U.S.C. § 371), which was Count 1 of the Indictment. A mistrial was declared as to Counts 2- 21, which charged violations of 26 U.S.C. § 7206. The jury verdict on Count 1 was entered on September 30, 1999. On January 25, 2000, sentencing was entered before the Honorable Cameron McGowan Currie, United States District Judge. The petitioner was sentenced to thirty-seven (37) months in prison with three (3) years of supervised release plus restitution. The petitioner was directed to surrender as notified by the United States Marshal.

The Pre-Sentence Report was formally filed with the court under seal on February 14, 2000. The petitioner did not surrender to serve his sentence. On March 29, 2000, the United States Marshal filed a motion to revoke the petitioner's bond and a warrant was issued. On April 3, 2000, the United States filed a motion to dismiss the twenty counts as to which a mistrial had been declared. An amended judgment was issued on April 3, 2000, to reflect the dismissed counts.

Prior to sentencing, counsel for the petitioner had filed a Notice of Appeal (Fourth Circuit Docket No. 99-4744). Counsel for the United States notified the United States Court of Appeals for the Fourth Circuit that the petitioner was a fugitive and moved to dismiss the petitioner's appeal. On April 17, 2000,

---

[1]One of the petitioner's criminal cases, <u>United States v. Harry L. Dantzler</u>, Criminal No. 1:97-437-1, involved a search warrant issued by the Honorable Robert L. Buchanan, United States Magistrate Judge, on May 14, 1997. No criminal charges were filed in Criminal No. 1:97-437-1.

the petitioner responded to the motion to dismiss appeal. On May 12, 2004, the United States Court of Appeals for the Fourth Circuit dismissed the appeal on the basis that the petitioner was a fugitive. The Court of Appeals' order, however, provided that the petitioner could move to reopen the appeal if he surrendered to federal custody within thirty (30) days. The mandate was issued on June 5, 2000.

The petitioner remained a fugitive until January 23, 2001, when the petitioner was arrested in the Eastern District of Pennsylvania for failure to appear. The petitioner was delivered to FCI-Butner on April 17, 2002, to serve his sentence in Criminal No. 1:99-28-1.

The United States on July 2, 2003, filed a motion to transfer the bond deposit to be applied to pay the monetary obligations imposed in connection with the criminal convictions. On August 4, 2003, Judge Currie granted that motion. The petitioner on August 20, 2003, filed a response to the motion granted by Judge Currie. In an order filed on August 25, 2003, Judge Currie denied the response as untimely.

The petitioner's second criminal case, United States v. Dantzler, Criminal No. 2:01-0331-2, was initiated by the United States on March 13, 2001, when the Grand Jury indicted the petitioner for one count of conspiracy to defraud with respect to claim (18 U.S.C. § 286) and seven counts of submitting false claims to the Internal Revenue Service (18 U.S.C. § 287). The petitioner was convicted on Counts 1 and Counts 12-18 pursuant to a jury's verdicts on August 31, 2001. The petitioner's co-defendant was also convicted.

On January 2, 2002, the Honorable David C. Norton, United States District Judge, sentenced the petitioner to concurrent terms of forty-six (46) months on all counts to be served consecutively to the term of imprisonment imposed in Criminal No. 1:99-28-1. The petitioner's appeal was not successful. On September 4, 2004, the United States Court of Appeals for the Fourth Circuit affirmed the convictions of the petitioner and his co-defendant in United States v. Dantzler, 45 Fed.Appx. 259, 2002 WESTLAW® 2012683, 90 A.T.T.R.2d 2002-6213 (4th Cir., September 4, 2002).

In Criminal No. 2:01-0331-2, the petitioner on February 25, 2004, filed Motion to Produce Delegation of Authorities (a tax-protester type motion). That motion was denied by Judge Norton on March 17, 2004. On August 17, 2004, the petitioner filed a motion to amend judgment.

In Dantzler v. United States, Civil Action No. 2:03-2809-18, the petitioner brought a Section 2255 action with respect to his conviction in Criminal No. 2:01-0331-2. Judge Norton authorized service of the petition upon the United States, which filed a motion for summary judgment. The petitioner was apprised of summary judgment procedure on December 31, 2003, as required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)(district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). The petitioner responded to the motion for summary judgment on February 6, 2004.

Meanwhile, Judge Norton directed the United States to respond to the petitioner's filing of December 19, 2003. The United States filed a motion to dismiss on April 28, 2004. The petitioner on May 10, 2004, responded to the motion to dismiss prior to the issuance of the second Roseboro order on May 18, 2004.

On July 29, 2004, Judge Norton dismissed and denied the Section 2255 petition in Civil Action No. 2:03-2809-18. The petitioner's appeal in Civil Action No. 2:03-2809-18 is pending before the United States Court of Appeals for the Fourth Circuit (Fourth Circuit Docket No. 04-7361).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, the Anti-Terrorism and Effective Death Penalty Act, and other habeas corpus

4

statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition for writ of mandamus is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387(4th Cir. 1990).

Since the petitioner is actually challenging the use of documents that were apparently seized during a search conducted by the Orangeburg County Sheriff's Department while federal officials were present, the plaintiff's complaint is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824, 1994

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

WESTLAW® 276683 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted).  *See also* Woods v. Candela, 47 F.3d 545 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611 (1996).

Heck v. Humphrey is applicable in civil suits against federal officials and entities.  *See* Stephenson v. Reno, 28 F.3d 26 (5th Cir.1994); Best v. Kelly, 309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C.Cir. 1994); Williams v. Hill, 878 F. Supp. 269 (D.D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his Bivens action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339 (D.C.Cir. 1996); and Zolicoffer v. FBI, 884 F. Supp. 173 (M.D.Pa. 1995).

*See also* Parris v. United States, 45 F.3d 383 (10th Cir.)(Heck v. Humphrey applicable to suits brought under the Federal Tort Claims Act), *cert. denied*, 514 U.S. 1120, 131 L.Ed.2d 871, 115 S. Ct. 1984 (1995); and Williams v. Hill, supra (Heck v. Humphrey applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).

Prior to the enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir.1994).

The petitioner cannot style a pleading as a civil action against a federal agency and the government in order to avoid the applicability of Heck v. Humphrey, supra. *See*, *e.g.*, Johnson v. Freeburn, 29 F.Supp.2d 764, 772-773 (E.D.Mich. 1998)(under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997)(affirming the denial of relief under Bivens and the denial of mandamus relief); Ramsey v. United States, 1997 WESTLAW® 74705 (N.D.Texas, February 7, 1997)(denying mandamus relief under Heck v. Humphrey and under Preiser v. Rodriguez, 411 U.S. 475 (1973), and "their progeny"); and Boyer v. Conaboy, 983 F. Supp. 4 (D.D.C. 1997).

Since the plaintiff is attempting to challenge a warrant that led to his conviction, he must file a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 after he seeks permission to do so from the Fourth Circuit Court of Appeals.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without*

*prejudice*. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The petitioner's attention is directed to the notice on the next page.

                                                                          s/Thomas E. Rogers, III  
                                                                          Thomas E. Rogers, III  
                                                                          United States Magistrate Judge

Sept. 7, 2005  
Florence, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
